```
                                                          U.S. DISTRICT COURT
                                                          DISTRICT OF VERMONT
                                                                FILED
              UNITED STATES DISTRICT COURT
                       FOR THE                            2024 DEC -2 PM 12: 14
                 DISTRICT OF VERMONT
                                                              CLERK
UNITED STATES OF AMERICA         )                      BY_____
                                 )                           DEPUTY CLERK
      v.                         )        Case No. 5:15-cr-79-1
                                 )
ORLANDO VERGARA,                 )
                                 )
      Defendant.                 )
```

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**(Docs. 77, 79, 88)**

The Report and Recommendation (R&R) of the United States Magistrate Judge was issued on August 20, 2024. (Doc. 88.) No objections having been filed, and after careful review of the file and the R&R, this court ADOPTS the recommendations in full for the reasons stated in the R&R. The Government's Motion to Dismiss (Doc. 79) is GRANTED and Mr. Vergara's Motion under 28 U.S.C. § 2255 (Doc. 77) is DISMISSED as untimely.

## Analysis

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). "The court may adopt those portions of the [R&R] to which no objection is made as long as no clear error is apparent from the face of the record." *United States v. Shores*, No. 17-cr-00083, 2024 WL 489313, at *10 (D. Vt. Feb. 8, 2024) (alteration in original; quoting *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020)). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, no objections to

the R&R have been filed,[1] so the court reviews only for clear error. The court agrees with the R&R that no evidentiary hearing is necessary under § 2255(b).

The R&R explains in detail why Mr. Vergara's § 2255 motion is time-barred. The motion is untimely under § 2255(f)(1), (2), and (3). (Doc. 88 at 8–9.) The R&R properly applies *Johnson v. United States*, 544 U.S. 295 (2005), and rejects each of Mr. Vergara's arguments under § 2255(f)(4). (Doc. 88 at 10–13.) The R&R also correctly finds no basis for equitable tolling. (*Id.* at 13–14.) Finally, the court finds no clear error in the R&R's alternative conclusion that, even if the § 2255 motion were timely, it does not raise any meritorious claims. (*Id.* at 14–15.)

## Conclusion

The court ADOPTS the recommendations R&R in full. (Doc. 88.)

The Government's Motion to Dismiss (Doc. 79) is GRANTED and Mr. Vergara's Motion under 28 U.S.C. § 2255 is DISMISSED as untimely.

The court declines to issue a certificate of appealability because Mr. Vergara has failed to make any "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Dated at Burlington, in the District of Vermont, this 2nd day of December, 2024.

/s/ Geoffrey W. Crawford
District Judge
United States District Court

---

[1] The docket reflects that a copy of the R&R was mailed to Mr. Vergara on August 20, 2024, but that it was returned as undeliverable on September 12, 2024. (Doc. 89.) The court mailed the R&R again on September 12, 2024, addressed to Mr. Vergara at the Massachusetts Department of Corrections. There is no indication that Mr. Vergara did not receive the September 12 letter.

2